JOHN R. DAVIS LUMBER COMPANY, Respondent, vs. THE FIRST NATIONAL BANK OF MILWAUKEE, Garnishee, Appellant.

*May 20 — June 20, 1895.*

*Garnishment: Evidence: Waiver: Objection.*

1. The failure of a garnishee to object or except to the action of the trial court in receiving and acting upon a stipulation, made upon a former trial, that the plaintiff had recovered judgment against the principal defendant, was a waiver of any objection to such action.

2. The answer of a bank as garnishee, which seems to show that moneys collected by it on a draft were to be "used only for account of" the principal defendant, and which does not allege that he had transferred his title, is *held* to show, at least *prima facie*, an indebtedness to the principal defendant, notwithstanding a general denial of such indebtedness.

John R. Davis Lumber Co. vs. The First National Bank of Milwaukee.

3. Where the record states that the trial court "refused to hear any testimony," but it does not appear that any testimony was offered or any exception taken, such refusal cannot be held error.

Appeal from a judgment of the superior court of Milwaukee county: J. C. Ludwig, Judge. *Affirmed.*

This is an action against the *First National Bank of Milwaukee* as garnishee of one Michael Dockery. When the cause came on for trial in the trial court, the plaintiff moved for judgment upon the garnishee's answer and the record in the case. The court rendered judgment, according to the motion, in favor of the plaintiff and against the garnishee. The only evidence to show that the plaintiff had recovered judgment against Michael Dockery, the principal defendant, was a stipulation in the record upon a former trial that the plaintiff had recovered such judgment. The court ruled this stipulation to be binding upon this second trial, and "refused to hear any testimony." It does not appear that any question was made, at the time or afterwards, of the correctness of this ruling. No exception to it was taken. And, although the record states that the court "refused to hear any testimony," it does not appear that any testimony was offered or that any exception was taken to such refusal.

For the appellant there was a brief by *Miller, Noyes & Miller,* and oral argument by *F. B. Myers.*

For the respondent the cause was submitted on the brief of *Adolph Huebschmann.*

Newman, J. The appellant alleges three grounds of error: (1) There was no evidence of any judgment in favor of the plaintiff against Michael Dockery, the defendant in the principal action; (2) the answer of the garnishee does not admit any indebtedness to the principal defendant; and (3) the garnishee should have been permitted to offer evidence as to the ownership of the draft which was the subject of the garnishment.

1. The garnishee is not in a position to question the action of the trial court in receiving and acting upon the stipulation. It does not appear by the record that it made objection or took exception to such action. It must be deemed to have consented that the stipulation be received and acted; upon, waiving whatever objection might have existed to such action. The stipulation was certainly sufficient evidence of the existence of the judgment.

2. The garnishee's answer is quite informal, and it is difficult to say with much certainty just what it was intended, either to affirm or to deny; but, with the exhibits which are attached to it, it seems to show, at least *prima facie*, that the moneys to be collected upon the draft were to be "used only for account of Michael Dockery," and that the garnishee so understood it. And there is no allegation, even on information and belief, that Dockery had transferred his title to it. The answer does say, "the garnishee is informed that Dockery sold this lease to Dixon, and authorized him to collect of Gill," but does not allege this to have been the fact. Notwithstanding the general denial of indebtedness to Dockery, the facts stated in the answer show, at least *prima facie*, that the indebtedness was to Dockery.

3. The record fails to show that the garnishee was refused permission "to offer evidence as to the ownership of the draft." It does not show that it even offered to offer such evidence, or excepted to or complained of any ruling of the court refusing to receive evidence. It certainly cannot complain of the refusal of the court to receive evidence which it was not then prepared to, and did not, offer. So, even if the ruling was theoretical error, it is not shown to have injured the garnishee. The garnishee should have offered evidence.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.